## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Phillip Woodson, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. |
| Gatestone & Co. International, Inc. and State Farm Bank, FSB | ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

### CLASS ACTION COMPLAINT

Plaintiff, Phillip Woodson, individually and on behalf of all others similarly situated, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA"), for a finding that Defendants' telephone calls to cellular telephones violated the TCPA and the FDCPA, and to recover damages for Defendants' violation of same, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), 28 U.S.C. §1337 (commerce and antitrust regulations; amount in controversy), 47 U.S.C. § 227 (TCPA), and 15 U.S.C. § 1692k(d) (FDCPA).

2. Venue in this District is proper because: a) the acts and transactions occurred here; b) Plaintiff resides here; and Defendants transact business here.

### PARTIES

3. Plaintiff Phillip Woodson ("Woodson") is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in Northern District of Illinois.

4.Defendant Gatestone & Co. International, Inc. ("Gatestone") is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Gatestone was acting as a debt collector as to an alleged delinquent consumer debt it attempted to collect from Plaintiff.

5.Defendant Gatestone is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Gatestone conducts business in Illinois.

6.Defendant Gatestone is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Financial and Professional Regulation, attached as Exhibit B. In fact, Defendant Gatestone acts as a collection agency in Illinois.

7.Defendant, State Farm Bank, FSB ("State Farm"), is a federally chartered bank headquartered in Bloomington Illinois. State Farm issues consumer loans for personal household or consumer purposes including for financing automobile purchases.

**THE TCPA**

8.In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices - for example, computerized calls to private homes. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls.

<u>See</u>, <u>Mims v. Arrow Financial Services, LLC</u>, 132 S. Ct. 740 (2012).

9. Accordingly, the TCPA regulates, among other things, the use of prerecorded messages or use of automated telephone equipment, or "autodialers". Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of ACA International for Clarification and Declaratory Ruling*, CG Docket No. 02-278, 23 FCC Rcd 559, 565-566 (Dec. 28, 2007) released January 4th, 2008,("FCC 2008 Order")

12. In the same Declaratory Ruling, the FCC emphasized that both the creditors, such as State Farm Bank and the third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or

prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.")

**THE FDCPA**

13. The FDCPA provides consumers with important rights to protect them from "unfair, harassing and deceptive debt collection practices." See, S. Rep. No. 382 95th Cong. 1st Sess., 1-2 (1977), reprinted in U.S.C.C.A.N. 1696). Congress found that "[T]here is abundant evidence of the use of abusive, deceptive, and unfair collection practices by many debt collectors" and that those practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy, see, 15 U.S.C. § 1692(a). Thus, the FDCPA was passed to eliminate abusive debt collection practices, see, 15 U.S.C. § 1692(e); Jerman v. Carlisle. McNellie, Rini, Kramer & Ulrich. L.P.A., et al., 559 U.S. 573, 577 (2010).

14. Accordingly, the FDCPA broadly prohibits abusive and unfair collection practices, including contacting a consumer in an attempt to collect a debt after the debt collector has received written notice to cease communications or notice of attorney representation, see, 15 U.S.C. § 1692c(c), 15 U.S.C. § 1692c(a)(2). Moreover, demanding payment of a debt that is no longer owed, due to a bankruptcy, constitutes the use of a false and/or deceptive or misleading representation or means in connection with the collection of a debt, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

15. Defendants have caused consumers actual harm, not only because

4

consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## FACTUAL BACKGROUND

16. At all times relevant, Plaintiff Woodson was an individual residing in the State of Illinois. Woodson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(10).

17. With regards to Plaintiff, Defendants were attempting to collect an alleged debt owed to State Farm Bank which Plaintiff incurred for personal, family or household purposes.

18. On December 22, 2009, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy, in a matter styled In re Woodson, No. 09-48395 (N.D. Ill. Bankr.). Among the creditors/debt collectors listed on Schedule D of Mr. Woodson's bankruptcy petition was State Farm Bank.

19. Accordingly, on December 23, 2009, State Farm Bank was sent, via first class mail, notice of the bankruptcy by the court.

20. The bankruptcy notice issued by that court ordered Defendants to cease communications and cease collections.

21. On April 5, 2010 Plaintiff's bankruptcy was successfully discharged by the court.

22. Despite Plaintiff's debt to State Farm Bank being discharged in Bankruptcy, on May 4, 2013 Gatestone mailed Plaintiff a collection letter on behalf of State Farm Bank

in an attempt to collect the discharged debt.

23. On or around May 21, 2013, Plaintiff mailed a letter to Gatestone notifying them that he disputed the validity of the debt they were attempting to collect.

24. On or around August 12, 2013, Gatestone placed a call to Plaintiff's cellular telephone number and left a voice message using a pre-recorded or artificial voice that stated in part:

> Hello this message is for Mr. Phillip Woodson, if you are not Phillip Woodson, or if other parties can listen to this message, it does contain personal and private information, you should disconnect this call. By continuing to listen to this message you acknowledge you are Mr. Phillip Woodson. There will be a three second pause to reconfirm….

25. When Plaintiff filed Bankruptcy and had his debt to State Farm Bank discharged, Plaintiff revoked any consent that may have existed for either State Farm or Gatestone to place such calls to his cellular telephone number.

26. On or around November 1, 2013, Gatestone placed a call to Plaintiff's cellular telephone number and left a voice message using a pre-recorded or artificial voice that stated in part:

> Hello this message is for Mr. Phillip Woodson, if you are not Phillip Woodson, or if other parties can listen to this message, it does contain personal and private information, you should disconnect this call. By continuing to listen to this message you acknowledge you are Mr. Phillip Woodson. There will be a three second pause to reconfirm….

## COUNT I
## Violation Of The TCPA Via Improper Phone Calls To Cellular Phones

27. Plaintiff adopts and re-alleges the preceding paragraphs.

28. The telephone calls from Defendants to Plaintiff's cellular telephone number were made using a pre-recorded voice or an "automatic telephone dialing

system" ("ATDS"), as defined by 47 U.S.C. § 227 (a)(1), as it had the capacity to store or produce numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

29. Over the course of the putative class period, Defendants and its agents directed the mass transmission of pre-recorded messages to cell phones nationwide.

30. These phone calls were made without the prior express consent of plaintiff or the class or were made after any such consent had been revoked.

31. Defendants have therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States "... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... ". As a result of Defendants' illegal conduct, the members of the class suffered actual damages and, under § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

32. Plaintiff and class members are also entitled to, and do, seek injunctive relief prohibiting Defendants' violations of the TCPA in the future.

### COUNT II
### Violations Of The FDCPA Via Improper Collection Calls And Letters, Attempting To Collect On A Debt Included In A Bankruptcy

33. Plaintiff adopts and re-alleges the preceding paragraphs.

34. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Demanding payment

of a debt that is no longer owed, due to a bankruptcy, constitutes the use of false and/or deceptive or misleading representations or means in connection with the collection of a debt, in violation of § 1692e of the FDCPA, see, Randolph, 368 F3d at 728-730.

35. Gatestone, by continuing to attempt to collect a debt from Plaintiff which was subject to his bankruptcy, via telephone calls and letters, used false and/or deceptive or misleading means to attempt to collect a debt, in violation of § 1692e of the FDCPA.

36. Moreover, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

37. Here, the bankruptcy and the notice issued by that court told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Gatestone violated § 1692c(c) of the FDCPA.

38. Additionally, § 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

39. Defendants were given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with his debts. Accordingly, Defendants were aware of Plaintiff's bankruptcy before it made the collection phone calls and letters. By continuing to call and mail Plaintiff directly, despite direct, written notice that he was represented by counsel, Gatestone violated § 1692c(a)(2) of the FDCPA.

40. Gatestone's violations of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.   <u>See</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

41. Plaintiff Woodson, individually and on behalf of all other similarly situated, brings, the above claim on behalf of the following Class and Sub-Class. The TCPA Class consists of:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Defendants placed a non-emergency telephone call (4) an artificial or prerecorded voice (5) within 4 years of the complaint (6) where Defendants did not have express consent to call said cellular telephone number OR where consent had been revoked for any such calls.
>
> The TCPA Bankruptcy Sub-Class consists of:
>
> (1) All persons in the United States (2) to whose cellular telephone number (3) CPA placed a non-emergency telephone call (4) an artificial or prerecorded voice (5) within 4 years of the complaint (6) after receiving notice to cease communications with the debtor and the underlying debt was discharged by the Bankruptcy Court.
>
> The FDCPA Sub-Class Consists of:
>
> (1) All persons in the United States (2) to whose cellular telephone number (3) Gatestone placed a non-emergency telephone call (4) an artificial or prerecorded voice (5) within 1 year of the complaint (6) while that person's debt was subject to or discharged in a bankruptcy.

42. Plaintiff represents and is a member of the Class and sub-class.   Excluded from the Class and sub-class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

43. Plaintiff does not know the exact number of members in the Class and sub-class, but based upon the size and national scope of Defendants' business, as well as its creditor client, along with the nature of the message campaign to plaintiff, plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

44. Plaintiff and all members of the class and sub-class have been harmed by the acts of Defendants.

45. This Class Action Complaint seeks money damages and injunctive relief.

46. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Defendants.

47. There are questions of law and fact common to the members of the class and sub-class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

    a. Whether the Defendants engaged in a pattern of using automated equipment or pre-recorded voices to place calls to cellular telephones;

    b. Whether the Bankruptcy Court's Automatic Stay and/or the Discharge Injunction revoked consent for any calls to be placed to cellular telephone numbers;

    c. Whether the Defendants thereby violated the TCPA;

    d.    Whether Defendants ignored notices of consumer's bankruptcy filings or attorney representation and/or cease communications and instead kept calling and texting those consumers; and,

    e.    Whether Gatestone thereby violated the FDCPA.

48. As a person who received telephone calls using artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, and after filing for bankruptcy protection, plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class.

49. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA and the FDCPA.

50. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA and FDCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA and FDCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

51. Defendants have acted on grounds generally applicable to the class and sub-class, thereby making final injunctive relief and corresponding declaratory relief with

respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff, the Class and sub-class and against Defendants for:

    A.    Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

    B.    Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

    C.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

    D.    Statutory damages pursuant to 15 U.S.C. § 1692k, along with reasonable attorneys' fees and costs;

    E.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, Phillip Woodson, individually and on behalf of all others similarly situated, demands trial by jury.

        Phillip Woodson, individually and on behalf of all others similarly situated,

        By: /s/ Keith J. Keogh
        One of Plaintiff's Attorneys

Dated:   January 24, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson    (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Keith J. Keogh    (Ill. Bar No. 6257811)
Timothy Sostrin    (Ill. Bar No. 6290807)
Katherine Bowen    (Ill. Bar No. 6308627)
Keogh Law, Ltd.
55 West Monroe Street
Suite 3390
Chicago, Illinois 60603
(312) 726-1092
(312) 726-1093 (fax)
Keith@KeoghLaw.com
Tsostrine@Keoghlaw.com
KBowen@Keoghlaw.com